UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN CHILDS, YOLANDA BEASLEY, and TIFFINI FORD, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:13-CV-03863-B |
| v. | § § | |
| CURB SERVICE LOGISTICS, LLC, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Steven Childs, Yolanda Beasley, and Tiffini Ford's (collectively, "Plaintiffs") Amended Motion for Entry of Default Judgment, filed on May 30, 2014. Doc. 23. Plaintiffs request that the Court enter a default judgment against Defendant Curb Service Logistics, LLC ("Defendant") on Plaintiffs' claims for wage violations under the Fair Labor Standards Act ("FLSA") and award Plaintiffs unpaid wages and liquidated damages in the respective amounts of $6,585.20 (Childs), $5,348.70 (Beasley), and $9,642.40 (Ford), as well as attorney's fees in the amount of $6,558.00, and costs in the amount of $1,088.25. *Id.* at 3, 8. For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Amended Motion.

I.

BACKGROUND

This case was originally filed on September 24, 2013. Doc. 1. In their Complaint, Plaintiffs allege that they were employed by Defendant on dates between March 13, 2013 and August 2013. Doc. 5, Am. Compl. ¶¶ 12–14. During that time, they worked "one or more weeks" in excess of forty

hours. *Id.* at ¶¶ 16, 22. According to Plaintiffs, however, Defendant did not pay them minimum or overtime wages for this work. *Id.* at ¶¶ 17–18, 24. Based on these alleged facts, Plaintiffs claim Defendant willfully violated Plaintiffs' rights under the FLSA to minimum and overtime wages. *Id.* ¶¶ 19, 25.

Plaintiffs served Defendant with a copy of their Amended Complaint and summons on January 24, 2014. *See* doc. 13, Executed Summonses. Despite having received such process, however, Defendant failed to answer or otherwise defend itself within the time allowed. Consequently, on March 20, 2014, the Clerk of the Court entered a default against Defendant. Doc. 17, Entry of Default.

Shortly thereafter, on April 21, 2014, Plaintiffs filed a Motion for Default Judgment against Defendant. Doc. 21. However, because Plaintiffs did not attach any supporting documents to their Motion for Default Judgment other than their own terse declarations, this Court issued an order denying their motion without prejudice and directing Plaintiffs to supplement the record by no later than May 30, 2014. Doc. 22.

Plaintiffs filed their Amended Motion for Default Judgment on May 30, 2014. Doc. 23. In support of their Amended Motion, Plaintiffs each included a sworn declaration along with various documents supporting their claims for unpaid wages. *Id.* On December 21, 2014, the Court held an evidentiary hearing to further assess the validity and accuracy of Plaintiffs' claims for unpaid wages. Both Plaintiffs Ford and Childs appeared and testified at the hearing, but Plaintiff Beasley did not.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal

court. According to the Rule, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v.*

*Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, courts are to assume, that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

*A.   Whether Default Judgment is Procedurally Warranted*

In this case, after reviewing Plaintiffs' Motion in light of the six *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, Defendant has not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's "failure to respond threatens to bring the adversary process to halt, effectively prejudicing Plaintiff's interests." *Ins. Co. Of W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). In addition, there is no evidence before the Court to indicate that Defendant's silence is the result of a "good faith mistake or excusable neglect."

*Lindsey*, 161 F.3d at 893. Indeed, Defendant has had plenty of time (almost fifteen months now) to answer and has filed nothing with the Court to explain its reticence. *Cf. Elite v. The KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). Further, Plaintiffs only seek the relief to which they are entitled under the FLSA. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendant. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.     *Whether There is a Sufficient Basis for Judgment in the Pleadings*

The Court further finds that there is sufficient support in Plaintiffs' Amended Complaint to enter a default judgment on their behalf. Pursuant to the FLSA, every employer is required to pay to "each of his employees who in any workweek is engaged in commerce" a minimum wage of $7.25 an hour. 29 U.S.C. § 206(a). Moreover, no employer shall employ his employees for a workweek longer than forty hours "unless such employee receives compensation for his [overtime hours] at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(1). Plaintiffs allege that, throughout their respective periods of employment, Defendants failed to pay them minimum or overtime wages for work they performed as part of and in excess of a forty hour workweek. Doc. 5, Am. Compl. ¶¶ 16-18, 22, 24. Thus, Plaintiff's allegations, which the Court accepts as true based on Defendant's default, are sufficient to establish violations of the FLSA. *See Nishimatsu Constr.*, 515 F.2d at 1206.

C.     *Damages and Attorney's Fees*

Finally, having reviewed the Plaintiffs' sworn declarations and accompanying documents, and

heard testimony from Plaintiffs Ford and Childs on the subject of their employment for Defendant, the Court holds that Plaintiffs Ford and Childs are entitled to unpaid minimum and overtime wages and liquidated damages[1] in the respective amounts of $9,815.00 and $3,974.00,[2] attorney's fees in

---

[1] At the evidentiary hearing held on December 10, 2014, the Court held that Plaintiffs Ford and Childs were not entitled to liquidated damages under the FLSA because they had presented insufficient facts from which the Court could conclude that Defendants acted willfully in denying Plaintiffs the wages they were due. After further review of the statute, however, the Court has determined that, unless Defendants can prove that their failure to pay Plaintiffs was made in good faith (i.e., they had reasonable grounds to believe that their failure to pay Plaintiffs was not a violation of the FLSA), liquidated damages are mandatory. *See* 29 U.S.C. § 260; *see also Mathis v. About Your Smile, P.C.*, No. 02-CV-597, 2002 WL 1878894, at *3 (E.D. Pa. Aug. 14, 2002) ("[T]o avoid liability for liquidated damages, the employer must make a showing of good faith and reasonable grounds for its conduct."). As such, and in light of the fact Defendants have neglected to appear in this action to present such an affirmative defense, the Court now holds that Plaintiffs Ford and Childs are entitled to liquidated damages under the statute.

[2] The Court calculated these amounts as follows:

For Plaintiff Ford, the Court first calculated the number of regular and overtime hours that Plaintiff Ford worked based on the Court's findings that Ms. Ford worked for Defendant an average of ten (10) hours a day, five (5) days a week, for fourteen (14) weeks. Based on this calculation, the Court determined that Ms. Ford worked 560 regular hours (8 x 5 x 14 = 560) and 140 overtime hours (2 x 5 x 14 = 140). Second, the Court calculated the total minimum wages that Ms. Ford was owed for her work, by multiplying the number of regular hours that she worked (560) by the federal minimum wage ($7.25/hour), and the total number of overtime wages that she was owed, by multiplying the total number of overtime hours that she worked (140) by one and one-half times (1.5) the federal minimum wage ($7.25 x 1.5). The Court determined from this calculation that Ms. Ford was owed $4,060.00 in minimum wages (560 x $7.25 = $4,060.00) and $1,522.50 in overtime wages (140 x ($7.25 x 1.5) = $1,522.50). Third, the Court subtracted from the total minimum and overtime wages that Ms. Ford was due the amount she was actually paid by Defendant ($675.00 according to her affidavit and supporting documents) to arrive at a total claim for unpaid wages of $4,907.50 ($4,060.00 + $1,522.50 − $675.00 = $4,907.50). The Court then awarded Ms. Ford an equal amount in liquidated damages as required by the FLSA. *See* 28 U.S.C. § 216(b) ($4,907.50 + $4,907.50 = $9,815.00).

For Plaintiff Childs, the Court performed the same set of calculations based on the Court's findings that Mr. Childs' affidavit and supporting documentation only established that he worked for Defendant for an average of eight (8) hours a day, five (5) days a week, for eight (8) weeks and that Mr. Childs was only paid $333.00 for this time. (8 hours/day x 5 days/week x 8 weeks = 320 regular hours x $7.25 minimum wage = $2,320.00 total wages owed − $333.00 amount paid = $1,987.00 total unpaid wages + $1,987.00 liquidated damages = $3,974.00 total unpaid wages and liquidated damages).

the amount of $5,000.00, and costs in the amount of $1,088.25.[3] *See* 29 U.S.C. § 216(b). However, the Court is not prepared to award damages to Plaintiff Beasley, as the Court finds her affidavit and supporting documentation insufficient to support her claim for unpaid wages.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Amended Motion for Default Judgment and **ORDERS** Defendant to pay Plaintiffs Ford and Childs unpaid minimum and overtime wages and liquidated damages in the respective amounts of $9,815.00 and $3,974.00, attorney's fees in the amount of $5,000.00, and costs in the amount of $1,088.25.

**SO ORDERED.**

**Dated: December 31, 2014.**

　　　　　　　　　　　　　　　　　　　　／s／ Jane J. Boyle
　　　　　　　　　　　　　　　　　　　　JANE J. BOYLE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs costs include a $400.00 case filing fee and $688.25 in process server fees. *See* doc. 23-4, Declaration of Charles Scalise ¶ 6.